```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
MIRIAM RIVERA
```

**MEMORANDUM AND ORDER**

Plaintiff,

Case No. 1:19-cv-4802-FB

-against-

COMMISSIONER OF SOCIAL
SECURITY,

Defendant.
------------------------------------------------x

*Appearances:*
*For the Plaintiff*:
DANIEL BERGER, ESQ.
NY Disability, LLC
1000 Grand Concourse
Suite 1-A
Bronx, NY 10451

*For the Defendant*:
MARK J. LESKO
Acting United States Attorney
Eastern District of New York
By: DARA OLDS
Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

Miriam Rivera seeks review of the Commissioner of Social Security's decision to deny her application for disability benefits. Both parties move for judgment on the pleadings.[1] For the following reasons, Rivera's motion is granted, the Commissioner's denied, and this case remanded for further proceedings.

---

[1] Rivera moves for relief under 42 U.S.C. 405(g), which authorizes the Court to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

# I.

Rivera is a 59-year-old woman with an eighth-grade education. A survivor of childhood sexual abuse, she suffers from neurotic, psychotic, physical, and substance abuse disorders.[2] She was homeless between 2013 and 2014.

Rivera applied for Supplemental Security Income ("SSI") benefits beginning May 1, 2013. The Commissioner denied her request, Administrative Law Judge Jack Russak ("the ALJ") held a hearing and affirmed the denial, and the Social Security Appeals Council (the "Appeals Council") declined review. Rivera then filed an action in this Court, which was dismissed after the parties stipulated to a remand for further administrative proceedings.

On remand, the Appeals Council ordered the ALJ to (1) address medical evidence showing that Rivera used a cane and assess its impact on her residual functional capacity ("RFC"); (2) assess the opinion of Dr. T. Harding, a "State agency psychological consultant"; (3) assess the opinion of Dr. Ted Woods, who performed an "internal medicine examination"; and (4) "obtain additional evidence from vocational experts to assess the effect of the [re-]assessed limitations on the

---

[2] The Commissioner determined that Rivera has suffered from "lumbar radiculopathy, diabetes mellitus, anxiety disorder, psychotic disorder and polysubstance abuse disorder (in remission)" since at least 2013. A.R. 380. The Commissioner further found that Rivera has suffered from "right knee osteoarthritis, obesity, schizophrenia, major depressive disorder, bipolar disorder [and] panic disorder" since February of 2016. *Id.*

claimant." A.R. 442–46. To address the Appeals Council's concerns, the ALJ held a second hearing on February 12, 2019.

After that hearing, the ALJ found Rivera disabled as of February 3, 2016 but concluded that she could perform medium work between 2013 and 2016. He therefore found her nondisabled in the latter period.

This appeal followed.

## II.

### A. Standard of Review

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence ... means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

### B. The Treating Physician Rule

The treating physician rule states that the opinion of a treating physician should be "given more weight than other reports and . . . will be controlling if it is 'well-supported by medically acceptable [evidence] and is not inconsistent with the other substantial evidence in [the] record.'" *Snell v. Apfel*, 177 F.3d 128, 133 (2d

Cir. 1999) (quoting 20 C.F.R. § 404.1527(c)(2)). When deciding whether the ALJ gave "appropriate weight" to a treating physician's opinion, the Court applies the two-step framework laid out in *Estrella v. Berryhill*, 925 F.3d 90, 95–6 (2d Cir. 2019).

Under *Estrella*, the ALJ first determines whether a treating physician's opinion is sufficiently "well supported" to be entitled to controlling weight. *See id.* at 95 (citing *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)). Then, if no opinion is entitled to such weight, the ALJ "explicitly [considers] four nonexclusive factors: (1) the frequen[cy], length, nature and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the [treating] physician is a specialist." *Id.* at 95–6 (internal quotations and citations omitted). Failure to "explicitly consider" these factors is procedural error. *Id.* at 96 (citing *Selian*, 708 F.3d at 419–20).

### III.

Rivera argues that she is entitled to remand because the ALJ failed to justify his choice to give "little weight" to the opinion of her treating psychiatrist, Dr. Herbert Meadow. *See* ECF No. 15 at 11. The Court agrees.

The ALJ inadequately explained his decision not to give Dr. Meadow's findings controlling weight. Although "the Commissioner retains discretion to

reach a conclusion inconsistent with an opinion of a treating physician where the conclusion is supported by sufficient contradictory evidence," the Commissioner's ALJs are not free to disregard a treating physician's opinion based on a conclusory statement that it is "inconsistent with the overall evidence in the record" and the opinions of other "providers." A.R. 388. *Cf. Cohen v. Comm'r of Soc. Sec.*, 643 F. App'x 51, 53 (2d Cir. 2016). Indeed, the ALJ's choice to disregard Dr. Meadow's opinion because other "providers assessed the claimant with only moderate depression" is an egregious violation of the treating physician rule since it implicitly prioritizes the psychiatric opinions of Dr. Barron Lerner—an internist with no sustained treating relationship to Rivera[3]—over the opinions of her treating psychiatrist. *See* A.R. 388 (citing medical record signed by Dr. Lerner in support of the statement that "providers assessed the claimant with only moderate depression"); A.R. 290–91 (showing Dr. Lerner's signature on medical records of Rivera's psychiatric symptoms). *See generally Estrella*, 925 F.3d at 95–6 (requiring consideration of a physician's specialty and the "length,. . . nature and extent" of treatment provided).

In addition to Dr. Lerner's opinion, the ALJ cites three bases for rejecting Meadow's opinion: (1) Meadow's assignment of a Global Assessment of

---

[3] Informational Page for Dr. Barron Lerner, MD, https://www.sharecare.com/doctor/dr-barron-h-lerner (last accessed Jun. 17, 2021) ("Dr. Lerner is [an] internal medicine specialist").

5

Functioning ("GAF") Score of 55 to Rivera,[4] (2) the fact that "on [some] occasions, the claimant reported that she did not have anhedonia or depressed mood" and exhibited "intact concentration, intact cognition, no delusions and intact judgment/insight," and (3) Rivera's "reported activities [which] are consistent with an individual that can still function at a high level." A.R. 388. None of these justifies rejecting Dr. Meadow's opinion.

As to the first, the Social Security Administration's own guidance discourages the use of GAF scores, and the American Psychiatric Association's Diagnostic Statistics Manual calls their use "questionable. . . in routine practice." *See* U.S. Soc. Sec. Admin. Office of Disability Programs, AM-13066, Global Assessment of Functioning Evidence in Disability Adjudication (Oct. 14, 2014); THE DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS (5th ed. 2013), p.16 ("It was recommended that the GAF be dropped from DSM-V for several reasons, including its conceptual lack of clarity. . . and questionable psychometrics in routine practice"). While an ALJ may nonetheless consider a GAF score, the caselaw cautions that "the details of the [scoring] clinician's description rather than a numerical range should be used." *Mainella v. Colvin*, No. 13-CV-2453-JG, 2014 WL 183957, at *5 (E.D.N.Y. Jan. 14, 2014). Accordingly, this Court finds that the ALJ should have credited Dr. Meadow's

---

[4] A GAF score of 55 indicates "moderate"—not severe—limitations.

detailed inventory of Rivera's limitations rather than the numerical GAF value he assigned. Inconsistency with a GAF score is not a reason to discredit treating physician testimony or "assign [it] little weight." *Estrella*, 925 F.3d at 97–8.

Rivera's ability to function normally "on [some] occasions" likewise provides no "good reason[] for minimalizing Dr. [Meadow's] opinion." *Id.* at 97. "Cycles of improvement and debilitating symptoms are a common occurrence" among people with mental illness, and it is "error. . . to treat them as a basis for concluding a claimant is capable of working." *Id.* (citing *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014) for the proposition that "[cycles] of improvement and debilitating symptoms of [mental illness] are a common occurrence"); *see also Bauer v. Astrue*, 532 F.3d 606, 609 (7th Cir. 2008) ("A person who has a chronic disease, whether physical or psychiatric. . .is likely to have better and worse days"). It is also "error" to use them to discredit a treating physician's opinion.

Finally, Rivera's ability to "attend[] to her personal care needs, [use] public transportation [and] cook" does not undermine Dr. Meadow's findings. A.R. 388. The Second Circuit has noted that "[w]hen a disabled person gamely chooses to endure pain in order to pursue important goals," such as completing household chores or maintaining personal hygiene, "it would be a shame to hold this endurance against [that person] in determining benefits unless [her] conduct truly showed that [she] is capable of working." *Nelson v. Bowen*, 882 F.2d 45, 49 (2d

7

Cir. 1989); *see also Van Dyne v. Saul*, No. 20-CV-260 (MKB), 2021 WL 1210460, at *16 (E.D.N.Y. Mar. 31, 2021) ("Plaintiff's efforts to pursue the things that are important to her and to engage in self-care do not establish that she is not disabled"). Rivera's ability to perform the most basic tasks of daily living does not imply that she can maintain a full-time job, and the ALJ should not "penalize" Rivera for "enduring the pain of her disability in order to care for [herself]." *Knighton v. Astrue*, 861 F. Supp. 2d 59, 69 (N.D.N.Y. 2012) (citing *Woodford v. Apfel*, 93 F. Supp. 2d 521, 529 (S.D.N.Y. 2000)).

In light of the foregoing, the ALJ provides no sound reason to reject Dr. Meadow's opinion aside from his own disagreement with it. But "the ALJ cannot arbitrarily substitute his own judgment for competent medical opinion." *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) (quoting *McBrayer v. Secretary of Health and Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983)). His decision must therefore be reversed.

## IV.

Because it is possible that the ALJ would have found Rivera disabled had he given Dr. Meadow's opinion controlling weight, remand is an appropriate remedy.[5] *Cf. Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) (holding that remand was

---

[5] On remand, the ALJ will have an opportunity to reevaluate Rivera's subjective statements. Accordingly, there is no need to consider Rivera's alternative argument that "the ALJ failed to properly evaluate [her] subjective statements." ECF No. 15 at 20.

8

not required where there was "no reasonable likelihood that [the ALJ's] consideration of [a] doctor's report would have changed the ALJ's determination that [the] Petitioner was not disabled"). On remand, the ALJ should reconsider whether Dr. Meadow's opinion is entitled to controlling weight. If it is not, he should explicitly consider the four *Estrella-Burgess* factors to decide how much weight it merits. He should also order the parties to supplement the record, since "none of [Dr. Meadow's] treatment records are included in the certified administrative record." ECF No. 15 at 6. His failure to do these things in the proceeding below was error. *See Estrella*, 925 F.3d at 95–6 (requiring "explicit" consideration of the *Burgess* factors); *Rosa*, 168 F.3d at 79 ("an ALJ cannot reject a treating physician's diagnosis without first attempting to fill any clear gaps in the administrative record").

## CONCLUSION

For the foregoing reasons, Rivera's motion is **GRANTED** and the Commissioner's **DENIED**. This case is **REMANDED** for further proceedings consistent with this opinion.

**SO ORDERED.**

                                            _Frederic Block_____
                                            FREDERIC BLOCK
                                            Senior United States District Judge

Brooklyn, New York
June 25, 2021